951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vaughn Ray BRADFORD, Petitioner-Appellant,
v.
A.A. GOMEZ, Warden, Respondent-Appellee.
 No. 91-15322.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1991.*
Decided Dec. 23, 1991.
 
 Before WILLIAM A. NORRIS, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vaughn Bradford, a California state prisoner, appeals pro se the district court's denial of his habeas corpus petition challenging his murder conviction.[1] Bradford alleges he was denied due process at trial because of prosecutorial misconduct that occurred when the district attorney: 1) provided late discovery of a witness who testified that the victim had named Bradford as the assailant; and 2) belatedly tested blood stains found on two items of clothing belonging to Bradford. Bradford also contends he was denied effective assistance of counsel at trial and on direct appeal because his counsel failed to challenge the alleged discovery errors. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.
 
 
 3
 First, Bradford contends that the district attorney committed prosecutorial misconduct when he failed to inform the defense that Robert Brown would testify the victim had named Bradford as the person who stabbed him. Assuming prosecutorial misconduct occurred at trial, to constitute a due process violation, the misconduct must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal quotations and citations omitted).
 
 
 4
 Bradford does not indicate how the admission of Brown's testimony "so infected the trial with unfairness" that his conviction was a denial of due process. At trial, there was ample testimony elicited from other witnesses to support Bradford's conviction. Also, his attorney was given full opportunity to cross-examine Brown at trial. Brown's testimony was similar to that of another witness properly identifying Bradford as the one who stabbed the victim. The substance of Brown's testimony was not a "surprise" to the defense. Thus, we conclude Bradford has failed to state a constitutional claim on this issue warranting habeas corpus relief.
 
 
 5
 Next, Bradford contends a due process violation resulted from the district attorney's belated testing of blood stains found on two items of clothing belonging to Bradford after allegedly giving defense counsel the impression that no testing would be conducted on the stain. Again, Bradford must show that the district attorney's conduct in this case was so fundamentally unfair as to result in a violation of due process. The belated test performed on the blood stain revealed only that the blood was human blood. It is impossible to see how the admission of this evidence, even if in error, "so infected" Bradford's trial as to render his conviction a violation of due process. In light of the overwhelming and properly admitted evidence identifying Bradford as the assailant, the only remaining question was Bradford's intent at the time of the attack. The admission of the blood test results would have no affect on the jury's determination of intent. Thus, Bradford could not have been harmed by the late disclosure and admission of that evidence. Once again, the error complained of does not rise to a constitutional level.
 
 
 6
 Finally, Bradford argues he was denied effective assistance of counsel at trial and on direct appeal because his counsel failed to challenge the district attorney's misconduct surrounding the discovery errors. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that his attorney's conduct fell below the objective standard of reasonableness and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 689.
 
 
 7
 We have already decided that the alleged errors raised by Bradford could not affect the outcome of his trial. Because Bradford has failed to show that defense counsel's performance prejudiced his defense, we need not decide whether counsel's conduct under the circumstances was reasonable. Bradford has failed to meet the necessary requirements to sustain an ineffective assistance of counsel claim. The district court's denial of Bradford's habeas corpus petition is affirmed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We strongly disapprove of the technique used by the State in filing its Answering Brief in this case. The State's method of presenting its argument by merely referring the court to the district court record in this matter was awkward and inconvenient for the court. Further, it violated Fed.R.App.Pro. 28